UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MALINDA HUNTER-GOSE,            )       No. CV 10-0286-RC
                               )
          Plaintiff,           )
                               )       OPINION AND ORDER
     v.                        )
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social Security, )
                               )
          Defendant.           )
_____)

     Plaintiff Malinda Hunter-Gose filed a complaint on January 14,
2010, seeking review of the Commissioner's decision denying her
application for disability benefits.  On June 25, 2010, the
Commissioner answered the complaint, and the parties filed a joint
stipulation on October 20, 2010.


                          **BACKGROUND**

     On November 4, 2005 (protective filing date), plaintiff, who was
born on October 7, 1968, applied for disability benefits under Title
II of the Social Security Act ("Act"), 42 U.S.C. § 423, claiming an
inability to work since November 1, 2005, due to headaches, chronic

neck pain, chronic bilateral shoulder pain, left elbow tingling, hand pain, memory problems, depression, arthritis, fatigue, stress, and related problems. A.R. 126-32, 189-90. The plaintiff's application was initially denied on April 12, 2006, and was denied again on February 8, 2007, following reconsideration. A.R. 72, 87-91, 94-99. The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge Robert A. Evans ("the ALJ") on August 15, 2007. A.R. 86, 877-90. On August 28, 2007, the ALJ issued a decision finding plaintiff not disabled. A.R. 69-81. The plaintiff sought review from the Appeals Council, which, on February 7, 2008, granted the request for review and remanded this matter to the ALJ for further proceedings. A.R. 120-23.

On August 27, 2008, the ALJ held a new administrative hearing, A.R. 891-900, and on November 21, 2008, the ALJ issued a decision again finding plaintiff is not disabled. A.R. 24-36. The plaintiff also appealed this decision to the Appeals Council, which denied review on October 2, 2009. A.R. 6-10, 19-20.

**DISCUSSION**

**I**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the Commissioner's decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th Cir. 2009). "In determining whether the Commissioner's findings are supported by

1  substantial evidence, [this Court] must review the administrative
2  record as a whole, weighing both the evidence that supports and the
3  evidence that detracts from the Commissioner's conclusion." Reddick
4  v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Holohan v. Massanari,
5  246 F.3d 1195, 1201 (9th Cir. 2001).  "Where the evidence can
6  reasonably support either affirming or reversing the decision, [this
7  Court] may not substitute [its] judgment for that of the
8  Commissioner." Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007),
9  cert. denied, 552 U.S. 1141 (2008); Vasquez, 572 F.3d at 591.
10
11      The claimant is "disabled" for the purpose of receiving benefits
12  under the Act if she is unable to engage in any substantial gainful
13  activity due to an impairment which has lasted, or is expected to
14  last, for a continuous period of at least twelve months.  42 U.S.C.
15  § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  "The claimant bears the
16  burden of establishing a prima facie case of disability." Roberts v.
17  Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122
18  (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).
19
20      The Commissioner has promulgated regulations establishing a five-
21  step sequential evaluation process for the ALJ to follow in a
22  disability case.  20 C.F.R. § 404.1520.  In the **First Step**, the ALJ
23  must determine whether the claimant is currently engaged in
24  substantial gainful activity.  20 C.F.R. § 404.1520(b).  If not, in
25  the **Second Step**, the ALJ must determine whether the claimant has a
26  severe impairment or combination of impairments significantly limiting
27  her from performing basic work activities.  20 C.F.R. § 404.1520(c).
28  If so, in the **Third Step**, the ALJ must determine whether the claimant

has an impairment or combination of impairments that meets or equals
the requirements of the Listing of Impairments ("Listing"), 20 C.F.R.
§ 404, Subpart P, App. 1.  20 C.F.R. § 404.1520(d).  If not, in the
**Fourth Step**, the ALJ must determine whether the claimant has
sufficient residual functional capacity despite the impairment or
various limitations to perform her past work.  20 C.F.R.
§ 404.1520(f).  If not, in **Step Five**, the burden shifts to the
Commissioner to show the claimant can perform other work that exists
in significant numbers in the national economy.  20 C.F.R.
§ 404.1520(g).

Applying the five-step sequential evaluation process, the ALJ
found plaintiff has not engaged in substantial gainful activity since
her alleged onset date of November 1, 2005.  (Step One).  The ALJ then
found plaintiff has the severe impairments of:  "chronic neck pain due
to degenerative disc disease, fibromyalgia and obesity" (Step Two);
however, she does not have an impairment or combination of impairments
that meets or equals a listed impairment.  (Step Three).  Finally, the
ALJ determined plaintiff is able to perform her past relevant work as
a receptionist and medical assistant; therefore, she is not disabled.
(Step Four).

                                  II

A claimant's residual functional capacity ("RFC") is what she can
still do despite her physical, mental, nonexertional, and other
limitations.  Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001);
see also Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 689 (9th
Cir. 2009) (RFC is "a summary of what the claimant is capable of doing

1  (for example, how much weight he can lift).").  Here, the ALJ found
2  plaintiff has the RFC to perform medium work[1] with the limitations of
3  only occasional climbing of ladders and crawling and no climbing of
4  ropes or scaffolds.  A.R. 31.  However, the plaintiff contends the
5  ALJ's RFC assessment and ultimate Step Four determination are not
6  supported by substantial evidence because the ALJ erroneously rejected
7  the opinions of treating physician Virginia Chan, M.D., and improperly
8  found plaintiff was not credible.
9
10     **A.  Treating Physician's Opinion:**
11         The medical opinions of treating physicians are entitled to
12  special weight.  <u>Reddick</u>, 157 F.3d at 725; <u>Embrey v. Bowen</u>, 849 F.2d
13  418, 421 (9th Cir. 1988).  This is because the treating physician "is
14  employed to cure and has a greater opportunity to know and observe the
15  patient as an individual."  <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1230 (9th
16  Cir. 1987); <u>Morgan v. Comm'r of the Soc. Sec. Admin.</u>, 169 F.3d 595,
17  600 (9th Cir. 1999).  Therefore, the ALJ must provide clear and
18  convincing reasons for rejecting the uncontroverted opinion of a
19  treating physician, <u>Ryan v. Comm'r of Soc. Sec.</u>, 528 F.3d 1194, 1198
20  (9th Cir. 2008); <u>Reddick</u>, 157 F.3d at 725, and "[e]ven if [a] treating
21  doctor's opinion is contradicted by another doctor, the ALJ may not
22  reject this opinion without providing 'specific and legitimate
23  reasons' supported by substantial evidence in the record."  <u>Reddick</u>,
24  157 F.3d at 725; <u>Valentine</u>, 574 F.3d at 692.
25  //
26
27         [1]  Under Social Security regulations, "[m]edium work
involves lifting no more than 50 pounds at a time with frequent
lifting or carrying of objects weighing up to 25 pounds."  20
28  C.F.R. § 404.1567(c).

Initially, plaintiff conclusorily claims that the ALJ rejected the opinions of treating physician Dr. Chan in favor of the opinions of nonexamining medical expert Michael Gurvey, M.D.  See Jt. Stip. at 7:24-8:11, 22:18-23:5.  However, plaintiff does not identify any portion of Dr. Chan's opinions that the ALJ rejected, and  Dr. Chan diagnosed plaintiff as having fibromyalgia, see, e.g., A.R. 237-45, 468-73, 530-33, 669-71, and the ALJ accepted this diagnosis.  A.R. 29, 32-33.  Moreover, in assessing plaintiff's RFC, the ALJ properly relied on, among other things, the opinions of examining physician Frederick Workmon, M.D., as well as medical expert Dr. Gurvey, A.R. 267-71, 804-08, which provide substantial evidence to support the ALJ's RFC assessment.  Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Morgan, 169 F.3d at 600.  Therefore, plaintiff's conclusory claim is without merit.  Valentine, 574 F.3d at 691.

## B.   Credibility:

The plaintiff testified at the administrative hearing that she has pain throughout her body, migraine headaches, constipation, diarrhea, fatigue, anxiety and depression.  A.R. 229, 234-35, 884. The plaintiff gets migraine headaches every couple of days or so, which last about four hours, and she is hypersensitive to noise.  A.R. 231, 888.  She also stated that she has trouble sleeping at night, but spends her time doing nothing other than sitting on a couch, watching television and sleeping during the day because she is exhausted.  A.R. 884-86, 899.  Occasionally plaintiff drives, but it is uncomfortable for her.  A.R. 230, 887.  The plaintiff estimated she sleeps for a couple of hours "here and there" a day.  A.R. 886-87.  Moreover, plaintiff stated she has poor concentration, lots of stress, loses

1  focus, is impatient, and has difficulty carrying out instructions.

2  A.R. 229.  The plaintiff reported she can only lift, carry and/or pull

3  upward less than 10 pounds occasionally or frequently, stand and/or

4  walk for less than 2 hours in an 8-hour workday, sit for less than 6

5  hours in an 8-hour workday, she must alternate sitting and standing,

6  and she is limited in her ability to push and/or pull with her upper

7  and lower body.  A.R. 231.

8

9       Once a claimant has presented objective evidence that she suffers

10  from an impairment that could cause pain or other nonexertional

11  limitations,[2] the ALJ may not discredit the claimant's testimony

12  "solely because the degree of pain alleged by the claimant is not

13  supported by objective medical evidence." Bunnell v. Sullivan, 947

14  F.2d 341, 347 (9th Cir. 1991) (en banc); Moisa v. Barnhart, 367 F.3d

15  882, 885 (9th Cir. 2004).  Thus, if the ALJ finds the claimant's

16  subjective complaints are not credible, he "'must provide specific,

17  cogent reasons for the disbelief.'" Greger v. Barnhart, 464 F.3d 968,

18  972 (9th Cir. 2006) (citations omitted); Orn, 495 F.3d at 635.

19  Furthermore, if there is medical evidence establishing an objective

20  basis for some degree of pain and related symptoms, and no evidence

21  affirmatively suggesting the claimant is malingering, the ALJ's

22  reasons for rejecting the claimant's testimony must be "clear and

23  convincing." Morgan, 169 F.3d at 599; Vasquez, 572 F.3d at 591.

24  //

25

26       [2]  "While most cases discuss excess pain testimony rather
than excess symptom testimony, rules developed to assure proper
27  consideration of excess pain apply equally to other medically
related symptoms." Swenson v. Sullivan, 876 F.2d 683, 687-88
28  (9th Cir. 1989).

7

Here, the ALJ found plaintiff was not entirely credible for several reasons, including plaintiff's daily activities of "car[ing] for her personal needs and those of her three minor children[,]" "perform[ing] the full range of household chores[,] including, [sic] shopping, cleaning, cooking, laundry and ironing[,] . . . socializ[ing] with family as well as others once or twice weekly[,] . . . attend[ing] her children's school activities two to three times weekly . . . [and] manag[ing] her child's softball team." A.R. 30, 34. These findings of plaintiff's daily activities, which are supported by substantial evidence in the record, A.R. 210-13, 215, 265, are "inconsistent with the presence of a condition which would preclude all work activity." Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990); see also Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) ("[T]he ALJ articulated adequate reasons for partially rejecting [the claimant's] pain testimony[,]" including claimant's daily activities, such as her ability "to care for her own personal needs, cook, clean and shop[,]" which suggest "she is quite functional."); Thomas, 278 F.3d at 959 (claimant's daily activities, including cooking, laundry, washing dishes, and shopping, support negative credibility finding); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (claimant's daily activities, such as attending to needs of her two young children, cooking, housekeeping, laundry, shopping, and attending therapy and various other meetings every week, were inconsistent with complaints of disabling pain).

The ALJ also noted that, despite plaintiff's complaints of "horrible concentration" and "bad memory," A.R. 229, plaintiff exhibited normal concentration on testing, was able to perform serial

8

1  7s "rapidly and accurately," and demonstrated an intact memory and an
2  ability to understand, remember and carry out complex instructions.
3  A.R. 34, 264-65.   Similarly, the ALJ found that although plaintiff
4  complained of swelling of her hands, no such swelling was noted upon
5  examination.   A.R. 33, 243, 517.   Additionally, the ALJ found that
6  although plaintiff complained of non-specific numbness, fatigue, poor
7  hand grip, and joint pain, A.R. 229, 231, 267, upon physical
8  examination, her sensation was intact, she had full motor power of all
9  extremities with full finger approximation and full pain-free ranges
10 of motion of her joints with no swelling, heat or effusions.   A.R. 34,
11 268-70, 683.   An ALJ can properly base an adverse credibility
12 determination on inconsistencies between plaintiff's complaints and
13 the clinical findings.   <u>Burch</u>, 400 F.3d at 681; <u>Morgan</u>, 169 F.3d at
14 599-600; <u>see also</u> <u>Carmickle v. Comm'r, Soc. Sec. Admin.</u>, 533 F.3d
15 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is
16 a sufficient basis for rejecting the claimant's subjective
17 testimony.").

18

19     Furthermore, the ALJ found plaintiff's "subjective allegations
20 are not fully credible because she is unable to provide accurate
21 reports to even her treating physician of her own condition."   A.R.
22 32.   In particular, the ALJ noted plaintiff was not sure whether
23 medication or pain management classes had helped her, and although she
24 complained of neck pain radiating to her left arm, she was "not sure
25 how long" the pain had been there.   A.R. 32.   These findings are
26 supported by substantial evidence in the record, A.R. 242-43, and
27 provide further support for the ALJ's adverse credibility
28 determination.   See <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1040 (9th

Cir. 2008) ("ALJ may rely on ordinary techniques of credibility evaluation[,]" such as whether claimant "was a 'vague witness'"); Catalano v. Astrue, 302 Fed. Appx. 601, 603 (9th Cir. 2008) (same). For all these reasons,[3] "[t]he ALJ gave specific, clear and convincing reasons for discounting [plaintiff's] testimony." Thomas, 278 F.3d at 959; Celaya v. Halter, 332 F.3d 1177, 1181 (9th Cir. 2003).

## ORDER

IT IS ORDERED that: (1) plaintiff's request for relief is denied; and (2) the Commissioner's decision is affirmed, and Judgment shall be entered in favor of defendant.

DATE:  November 15, 2010       /S/ ROSALYN M. CHAPMAN
                              ROSALYN M. CHAPMAN
                              UNITED STATES MAGISTRATE JUDGE

---

[3]   On the other hand, the ALJ's criticism of plaintiff for failing to follow her physician's recommendation to lose weight is not a clear and convincing reason for finding plaintiff not credible.  A.R. 33-34.  An ALJ cannot deny an obese claimant disability benefits for not following a prescribed course of treatment to lose weight without making specific factual findings that the claimant's obesity is remediable, see Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993) ("Without making a factual finding, the ALJ could not assume that Dodrill's obesity was remediable."), which the ALJ did not make.

R&R-MDO\10-0286.mdo
11/15/10